## NICK CRISTELLO v. TOWNSHIP OF IRONDALE.[1]

October 18, 1935.

No. 30,509.

*Murphy & Cook,* for relator.

*Swanson, Swanson & Swanson,* for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an award of compensation.

Petitioner was injured while, with his own motor-driven outfit, he was sawing cordwood for the township of Irondale. The proof is that the petitioner was hired by one Sellers, foreman for the town, to cut the wood at 55 cents per hour for his own work and 75 cents per hour for the use of his "saw rig." For the gas and

[1]Reported in 262 N. W. 632.

oil used on the latter, the town paid. The town continued to use the rig for about 12 days after petitioner was injured.

If we should stop here there would be no question but that petitioner was in the employ of the town and so entitled to compensation. The argument *contra* is that, because he had received from state and federal relief agencies aid to the value of $60, which was first to be deducted from his compensation for sawing wood, he was not an employe. We cannot allow that argument. The relation of employer and employe existing, the right to compensation was not lost simply because the wages earned were to be devoted, as far as necessary, to the reduction of a preëxisting obligation of the employe. The determinative relation continued, and petitioner's earnings, other than the hire of the "saw rig," were wages.

The argument for the town puts mistaken stress on Hanson v. St. James Hotel & Union City Mission, 191 Minn. 315, 254 N. W. 4. That case, in its controlling facts, is clearly on the other side of the problem for the simple reason of the absence from it of the contract of hiring and resulting relation of employer and employe without which there is no right to compensation.

Poor relief in the county of Crow Wing, which includes the township of Irondale, appears to be on the local or town basis. Anyway, it is admitted by the answer of the township that petitioner "was a poor person having his settlement in said township receiving and entitled to receive poor relief from said township." That explains, probably, why there has been no suggestion that the employment of Cristello was casual and not in the usual course of business of the employer. 1 Mason Minn. St. 1927, § 4268.

The award is affirmed.